## (October 25, 1960)

■ ALBERT KAUFMAN et al., Suing on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf of MERRITT-CHAPMAN & SCOTT CORPORATION et al., Respondents, v. ROBERT C. BAKER et al., Appellants, et al., Defendants.

APPEALS from orders of the Supreme Court at Special Term, entered June 22, 1960, in New York County, which denied motions by appellants for orders dismissing the complaint or, in the alternative, to stay all proceedings pending the determination of a Delaware action.

MEMORANDUM BY THE COURT. Orders, entered June 22, 1960, denying defendants-appellants' motion for a stay in a stockholders' derivative action affirmed, with $20 costs and disbursements to the respondents. While the question is a close one, it is deemed the better exercise of discretion to allow the continuance of the New York action, despite the pendency of the Delaware action. There is the fact of different classes of plaintiffs, differently situated, in each action, as there is also the possibility that some defenses in abatement may lie against the Delaware plaintiffs and not be available against the New York plaintiffs. Apart from these distinctions, it is quite clear that success by the plaintiffs in the Delaware action will dispose of the New York action, as may any determination on the merits in the Delaware action.

RABIN, J. (dissenting). I dissent and vote to reverse so much of the orders appealed from as deny appellants' motions to stay further proceedings in this action until the termination of the action now pending in the courts of Delaware. I would grant the stay requested.

Our courts should not encourage the institution or maintenance of a lawsuit where there is one already pending involving the same issues and which would give the plaintiff full relief for the wrongs of which he complains, particularly so where, as here, there is no showing that the former action is not being prosecuted diligently, zealously and competently. We would not allow two such actions to be prosecuted simultaneously in this State and there is no reason to apply a different rule when the first action is in progress in a sister State. Had the action in Delaware been brought in this State there can be no doubt but that this present suit would have been stayed. At best, it would have been consolidated; but even that treatment is not given to every additional suit brought regardless of the status of the previous suit. Of course, this suit cannot be consolidated with the Delaware action and it, therefore, should be stayed.

Concededly, both actions, derivative in nature, are brought to recover for the same alleged wrongs. One of the reasons advanced by Special Term for the

denial of the requested stay is that "the relief sought in both actions [are] quite different". However, it is quite clear that if the plaintiff in the Delaware action is granted the relief he seeks, it would satisfy every claim made by the plaintiffs in this New York action. The respondents, in effect, so conceded upon argument and agreed that a victory for the plaintiff in Delaware would extinguish the rights of the plaintiffs in New York, inasmuch as full relief would then have been given for the wrongs alleged both in Delaware and here.

The second reason advanced by Special Term is that the defendants in the Delaware action "assert defenses which defeat the plaintiffs' claim there", while no such defenses are asserted here. The reference is to the defenses of laches and estoppel pleaded in Delaware. Special Term was not in a position to make such a finding because issue had not yet been joined when the motion for a stay was heard. Indeed, since that time such defenses were pleaded by the defendants. Be that as it may, however, this action should still not be permitted to be prosecuted simultaneously with the Delaware action. Concededly, a successful outcome for the plaintiff in Delaware would terminate the action here. And, if the defendants should be successful in Delaware on their defense of laches and estoppel, if we are to accept the respondent's position, such action would not preclude the plaintiffs from continuing here because the respondents tell us that the plaintiffs would not be bound by such decree inasmuch as those defenses, while they may apply to the Delaware plaintiff, could not be successfully urged against the plaintiffs in the New York case. Assuming that respondents be right in that position, they may then continue their action here. Through this appeal, the appellants merely seek a stay and not a dismissal of the New York action. But, are the respondents right in that position? The plaintiffs in the New York suit are stockholders of Merritt-Chapman & Scott Corporation, which in turn is the controlling stockholder of the New York Shipbuilding Corporation which in its turn is the controlling stockholder of Trailco Corporation, the corporation whose assets it is alleged were wasted. The plaintiffs' suit is purely on behalf of Trailco Corporation, the corporation alleged to have been injured. The plaintiffs have standing in this suit solely because they are stockholders of one or both of the parent corporations. If defenses of laches and estoppel apply to all stockholders of Trailco Corporation, then they must apply to New York Shipbuilding Corporation, which is merely another stockholder of Trailco. In turn, they must likewise apply to the Merritt-Chapman & Scott Corporation and the plaintiffs because they merely stand in the position of the New York Shipbuilding Corporation and have no greater rights. It does not necessarily follow, therefore, that a successful defense of laches or estoppel in Delaware would not be binding on the plaintiffs here. However, it might be observed that if the directors or officers of the New York Shipbuilding Corporation or for that matter of the Merritt-Chapman corporation, having been apprised of the facts which may now support the defense of laches or estoppel, acted wrongly or negligently or improperly failed to act to the detriment of those companies and consequently to the detriment of these plaintiffs, then these plaintiffs might have a good derivative suit against such officers or directors for such wrongs, provided they caused damage to those corporations. But that is quite another case.

The suit sought to be here stayed is essentially the same as the one in Delaware. We should not permit them to be prosecuted concurrently with possible inconsistent results. The administration of justice is not advanced in that manner. No prejudice can result from a stay of this suit and a greater benefit might be gained. The stay should be granted.

Breitel, J. P., Valente, McNally and Bastow, JJ., concur in decision; Rabin, J., dissents and votes to reverse and grant a stay in opinion.

Orders, entered June 22, 1960, denying defendants-appellants' motion for a stay in a stockholders' derivative action affirmed, with $20 costs and disbursements to the respondents, etc.